UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENEE WELCH, MAMADOU DEMBELE, SOULEYMANE MORI, DOLUNAY MOSER, and MINERVA ELSAYED, <br><br> Plaintiffs, <br><br> v. <br><br> PEOPLE'S UNITED BANK, NATIONAL ASSOCIATION, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 20-cv-11390-ADB <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**

BURROUGHS, D.J.

In this employment suit, multiple individuals (collectively, "Plaintiffs") allege that Defendant People's United Bank, National Association ("PUB") unlawfully discriminated against them. [ECF No. 1 ("Compl.")]. Currently before the Court is Plaintiffs' motion for leave to amend their complaint by adding Jason DeMello, whose claims the Court previously dismissed, as a plaintiff. [ECF No. 22]. For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.     BACKGROUND**

In the initial complaint, DeMello alleged that PUB discriminated against him, in 2016 and 2017, because of his sexual orientation. [Compl. ¶¶ 47–61]. On that basis, he asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and Massachusetts General Laws Chapter 151B, and a common law claim for wrongful termination. [Id. ¶¶ 145–60, 177–84]. On April 13, 2021, the Court dismissed his state law claims with prejudice and his

Title VII claim without prejudice.  See [ECF No. 21 at 7–13].  The Court dismissed DeMello's Title VII claim because he failed to timely file a complaint with the Equal Employment Opportunity Commission ("EEOC"), which is a prerequisite for bringing a Title VII claim in federal court.[1]  [Id. at 8–10].  The Court was not, at that time, prepared to waive the administrative exhaustion requirement.  [Id. at 9–10].  At DeMello's request, however, the Court dismissed the claim without prejudice to allow DeMello to file a complaint with the EEOC so that "the EEOC [could] address whether DeMello's claim, which concerns alleged misconduct in 2016 and 2017, is time-barred and/or whether cause exists to excuse this untimeliness."  [Id. at 10].  In deferring to the EEOC, the Court anticipated that the EEOC would utilize its significant experience and knowledge in the employment discrimination arena to assess the merits of DeMello's justification for failing to timely file an EEOC charge.

On April 15, 2021, DeMello filed an EEOC complaint.[2]  [ECF No. 22-2 at 2].  DeMello's counsel then spoke with the EEOC examining officer about the interplay between this action and DeMello's EEOC complaint.  [Id. ¶ 4].  After speaking with his supervisor, the examining officer told DeMello's counsel that DeMello should request a right-to-sue letter, which DeMello promptly did.  [Id. ¶¶ 6–7].  The EEOC issued DeMello a right-to-sue letter on April 20, 2021.  [ECF No. 22-3 at 1–2].  The EEOC did not opine on the timeliness of DeMello's claim and instead focused exclusively on resource constraints.  See [id. at 3 ("We have reviewed all of the circumstances of this case and have determined that issuing you the requested Notice of Right to

---

[1] DeMello maintains that he did not file an EEOC complaint because sexual orientation-based discrimination was not legally cognizable under Title VII until the Supreme Court's June 2020 decision in Bostock v. Clayton County, 140 S. Ct. 1731 (2020).  See [ECF No. 12 at 8–10].

[2] DeMello appended the complaint in this action and the Court's April 13, 2021 Order on PUB's motion to dismiss to his EEOC complaint.  [ECF No. 29-1 ¶ 3].

Sue is warranted at this time. Specifically, given our office's current workload, we have concluded that the EEOC will be unable to complete the processing of this charge within 180 days of the date the charge was filed.")].

Now, Plaintiffs seek to amend their complaint by re-joining DeMello as a plaintiff so that he can assert his Title VII claim against PUB. [ECF No. 22]. The motion is fully briefed and ripe for resolution. See [ECF Nos. 26 (opposition), 29 (reply), 32 (sur-reply), 36 (sur-sur-reply)].

## II.     DISCUSSION

"Consent to file amended pleadings shall be freely given when justice so requires unless the amendment would be futile or reward undue delay. In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (citations and internal quotation marks omitted).

Under Title VII, an aggrieved individual is required to file an administrative complaint within either 180 or 300 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1). Failure to comply with this requirement is grounds for dismissal. See Badio v. G4S Sol. USA, No. 19-cv-12591, 2021 WL 102656, at *3 (D. Mass. Jan. 12, 2021) ("Failing to file a charge with the EEOC within the statutory period precludes Plaintiff from pursuing legal action on his Title VII claims . . . ."); see also Savage v. City of Springfield, No. 18-cv-30164, 2021 WL 858409, at *5 (D. Mass. Mar. 8, 2021) (discussing administrative exhaustion and noting that there are two distinct components, timely filing an EEOC charge and receiving a right-to-sue letter). Because the most recent unlawful employment practice alleged by DeMello occurred in July 2017, see [Compl. ¶ 60], he was required to file an EEOC complaint no later than May 27, 2018 (i.e., 300 days after July 31, 2017). It is undisputed that he first filed an

EEOC complaint in mid-April 2021.  See [ECF No. 22-2 at 2].  Accordingly, unless there is a sufficiently mitigating excuse for his failure to timely file an EEOC complaint, DeMello's Title VII claim is barred and Plaintiffs' proposed amendment (i.e., to add DeMello's Title VII claim) would therefore be futile.

Because the EEOC declined to evaluate whether DeMello should be permitted to litigate his Title VII claim even though he failed to timely file an EEOC charge,[3] it is incumbent upon the Court to do so.[4]  The Court declines to excuse DeMello's untimely EEOC complaint by allowing him to pursue his claim.  DeMello's primary argument is that he had no reason to file an EEOC complaint before the Supreme Court's June 2020 ruling in Bostock.  See [ECF No. 29 at 3].  This argument is just as unconvincing now as it was relative to PUB's motion to dismiss.  See [ECF No. 21 at 8–10].  First, Plaintiffs have not cited any cases where, following Bostock, a court permitted a plaintiff to bring a sexual orientation-based Title VII claim despite failing to timely file an EEOC complaint.  Second, the Court does not understand Bostock as opening the floodgates for all individuals who were allegedly discriminated against based on their sexual

---

[3] Plaintiffs argue that by issuing the right-to-sue letter, the EEOC "tacitly decided that DeMello's claim was not time-barred."  [ECF No. 29 at 2].  This argument misses the mark, however, because the EEOC's decision was based on resource constraints.  See [ECF No. 22-3 at 3 ("We have reviewed all of the circumstances of this case and have determined that issuing you the requested Notice of Right to Sue is warranted at this time.  Specifically, given our office's current workload, we have concluded that the EEOC will be unable to complete the processing of this charge within 180 days of the date the charge was filed.")].  Thus, the only thing that the EEOC decided was that it could not process DeMello's charge within 180 days because its Boston area office is too busy or perhaps that it was easier to leave that decision to this Court in light of the pending case.

[4] PUB argues that DeMello "sidestepped th[e] Court's instruction by filing his EEOC charge and then immediately withdrawing it . . . ."  [ECF No. 26 at 1].  Plaintiffs respond that DeMello "fully complied with the instructions of the Court . . . ."  [ECF No. 29 at 1].  The Court need not resolve this dispute.  Regardless of the propriety of DeMello's approach, the fact remains that the EEOC did not opine on the key question here: whether DeMello should be allowed to litigate his claim even though he did not timely file an EEOC charge.

orientation to seek redress under Title VII regardless of when the alleged misconduct occurred. "Congress's decision to enact a very short statute of limitations in Title VII cases reflects a legislative judgment as to the importance of the expeditious filing of discrimination complaints." Uwakwe v. Pelham Acam., 286 F. Supp. 3d 213, 223 n.10 (D. Mass. 2017); see also Sanders v. Venture Stores, Inc., 56 F.3d 771, 775 (7th Cir. 1995) ("Congress has expressed the limitations bar not in months or years, but in days. . . . Implicit in this legislation is a policy that there should be no delay in employment discrimination cases.  It is a recognition that memories may fail in the workplace in recalling the minutia of what was said and what was done.").  PUB should not be required to defend a late-filed suit concerning conduct that occurred in 2016 and 2017 merely because the Supreme Court issued a decision in June 2020 that, in DeMello's view, created a new cause of action.  Finally, even if DeMello was diligently monitoring the Supreme Court's Title VII jurisprudence in hopes of an invitation to pursue a federal claim, he has not explained why he (1) never filed a complaint with the Massachusetts Commission Against Discrimination and (2) elected to file this suit instead of filing an EEOC complaint after Bostock was decided.

In sum, the Court declines to excuse DeMello's failure to timely file an EEOC charge. Because DeMello's Title VII claim is time barred, permitting Plaintiffs to amend their complaint would be futile, and their motion, [ECF No. 22], is therefore DENIED.

## III.     CONCLUSION

Accordingly, for the reasons stated above, Plaintiffs' motion for leave to amend their complaint, [ECF No. 22], is DENIED.

**SO ORDERED.**

May 20, 2021                                               /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE